```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


LEN VANDO,                          :    CIVIL ACTION
                                    :    NO. 13-6781
        Petitioner,                 :
                                    :
    v.                              :
                                    :
LOUIS S. FOLINO, et al.,            :
                                    :
        Respondents.                :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                               July 9, 2015

Len Vando ("Petitioner") is a prisoner at State Correctional Institution – Greene in Waynesburg, Pennsylvania. Petitioner filed a pro se application seeking relief through a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Habeas Petition"). Magistrate Judge Jacob P. Hart ("Judge Hart"), finding that not all of Petitioner's claims have been exhausted in state courts, recommended that either the Court dismiss the Habeas Petition without prejudice, allowing Petitioner to exhaust his claims through a petition under the Post-Conviction Relief Act, or Petitioner elect to dismiss his unexhausted claims. Petitioner did not so elect, and for the reasons that

follow, the Court will adopt Judge Hart's Report and Recommendation and dismiss the Habeas Petition without prejudice.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation ("R&R") offers a brief summary of the relevant facts:

> The case against Vando arose out of an incident in which an individual was murdered, apparently as the result of a gang-related assassination order. Vando and another two men dragged the victim out of a bar. Vando punched the victim to the ground, after which one of the other men, Juan Navarro, shot him.

R&R 1, ECF No. 19 (citations omitted). On April 25, 2011, following a jury trial in the Court of Common Pleas of Philadelphia County, Petitioner was convicted of third-degree murder. Id. Petitioner was sentenced to twenty to forty years of incarceration. Id.

In his direct appeal, Petitioner made the following claims: (1) the evidence was insufficient to support his conviction, because there was no evidence that he knew Navarro would shoot the victim; (2) the trial court abused its discretion by failing to strike testimony about threats made by a third party; and (3) the trial court erred by instructing the jury that Petitioner could be convicted of conspiracy if he consulted with unnamed members of a gang, even though the bill of information stated only that he had conspired with Navarro.

2

Id. at 2. The Pennsylvania Superior Court denied Petitioner's appeal on November 2, 2012, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on July 16, 2013. Id. On January 13, 2014, the United States Supreme Court denied Petitioner's request for certiorari. Vando v. Pennsylvania, 134 S. Ct. 995 (2014). Petitioner did not, at that time, seek collateral review under Pennsylvania's Post-Conviction Relief Act ("PCRA").

Petitioner filed his Habeas Petition on November 20, 2013. ECF No. 1. He makes five claims: (1) his due process rights were violated because the state failed to prove every element of his offense; (2) the state violated Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose that Petitioner could be a coconspirator of people other than Navarro; (3) the trial court improperly amended the bill of information after the close of evidence; (4) the state introduced insufficient evidence to prove accomplice liability; and (5) the state violated Giglio v. United States, 405 U.S. 150 (1972), by using witnesses who had given inconsistent statements to federal authorities.

Respondents filed a Response on August 21, 2014. ECF No. 15. Petitioner filed a Traverse in reply on October 23, 2014. ECF No. 18. On November 13, 2014, Judge Hart entered his

R&R. ECF No. 19. Petitioner filed timely Objections, ECF No. 22, and the matter is now ripe for disposition.

**II.  LEGAL STANDARD**

The Court may refer an application for a writ of habeas corpus to a U.S. Magistrate Judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B). A prisoner may object to the magistrate judge's report and recommendation within fourteen days after being served with a copy thereof. See § 636(b)(1); E.D. Pa. R. Civ. P. 72.1(IV)(b). The Court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1). The Court does not review general objections. See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) ("We have provided that § 636(b)(1) requires district courts to review such objections de novo unless the objection is not timely or not specific." (internal quotation marks omitted)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1).

On habeas review, the Court must determine whether the state court's adjudication of the claims raised was (1) contrary to, or an unreasonable application of, clearly established federal law, or (2) based on an unreasonable determination of

the facts in light of the evidence presented. See 28 U.S.C. § 2254(d).

### III. DISCUSSION

Judge Hart correctly determined that Petitioner has filed a "mixed petition" containing both exhausted and unexhausted claims. See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing Rose v. Lundy, 455 U.S. 509, 522 (1982)), for the proposition that a § 2254 petition "which includes unexhausted as well as exhausted claims" is "a mixed petition").

A habeas petitioner must "exhaust[] the remedies available in the courts of the State" before obtaining habeas relief. 28 U.S.C. § 2254(b)(1)(A). Traditionally, exhaustion in Pennsylvania required a petitioner to "fairly present" a claim to the trial court, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court. See Evans v. Court of Common Pleas, Del. Cnty., 959 F.2d 1227, 1230 (3d Cir. 1992). However, as of a May 9, 2000, order issued by the Pennsylvania Supreme Court, habeas petitioners are no longer required to seek allocatur from the Pennsylvania Supreme Court to exhaust state remedies. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

In this case, claims one and four – both of which attack the sufficiency of the evidence used to convict Petitioner – are exhausted, as Petitioner challenged the

5

sufficiency of the evidence on appeal. Claim five, however, in which he argues that the state violated Giglio by using witnesses who had made inconsistent statements to federal authorities, is clearly unexhausted, as it was not raised in his direct appeal. The petition, therefore, is undoubtedly a mixed one.[1]

Judge Hart recommended either that the petition be dismissed as unexhausted without prejudice pending further state review (under the PCRA) of the unexhausted claims – as is generally the correct resolution of a mixed petition, see Lambert, 134 F.3d at 513[2] – or that at Petitioner's option, he drop the unexhausted claims and permit the Court to consider his exhausted claims, in which case the matter should be remanded to Judge Hart for further consideration. R&R 1. Judge Hart

---

[1] Judge Hart believed claims two and three to be unexhausted as well, though he noted that they do relate, "to some extent," R&R 4, to a claim Petitioner raised on appeal. The Court need not determine the status of these claims, however, because it is already clear that the petition is mixed, which is dispositive.

[2] A district court also has discretion to issue a stay and abeyance holding the case in suspense pending exhaustion of the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 276 (2005). However, a stay and abeyance should be granted only when "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. Here, Petitioner has stated only that he "had no time to assert" claim five in his appeal and "framed his claims the best way he knew how." Objections 3. These bare assertions do not constitute good cause, and so Petitioner is not entitled to a stay.

suggested that Petitioner should notify the Court in his objections to the R&R whether he preferred the Court to dismiss his case without prejudice while he pursued exhaustion through the PCRA – which he was permitted to do by January 13, 2015 – or to dismiss with prejudice his unexhausted claims and proceed to consider the remaining claims. Id. at 5. Petitioner did not do so, objecting only to Judge Hart's conclusions. However, Petitioner did file a timely PCRA petition on December 22, 2014, see Criminal Docket, Commonwealth v. Vando, No. CP-51-CR-0510182-2006 (Pa. Ct. Com. Pl.), implicitly selecting the first of Judge Hart's two alternatives – a dismissal without prejudice.

Accordingly, the Court will dismiss the petition without prejudice, allowing Petitioner to exhaust all his claims before returning to federal court.

## IV. CONCLUSION

For the foregoing reasons, the Court will adopt Judge Hart's Report and Recommendation, overrule Petitioner's objections thereto, and dismiss the Habeas Petition without prejudice. An appropriate order follows.